UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARYL MINGO,

      Petitioner,

v.                                      CASE NO. 6:06-cv-955-Orl-31JGG

WARDEN J. WITT, et al.,

      Respondents.

_____

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response (Doc. No. 8) to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a reply to the response (Doc. No. 11).

### *Procedural History*

Petitioner was charged by information with one count of possession of cocaine. A motion to suppress the contraband was filed. After conducting an evidentiary hearing, the state trial court denied the motion. Petitioner then entered a plea of nolo contendere, but reserved the right to appeal the denial of his motion to suppress. Petitioner raised the suppression issue on appeal, and the Florida Fifth District Court of Appeal *per curiam* affirmed.

**Claim One**

Petitioner alleges that "he was detained and that the totality of the circumstances was not a [sic] encounter." (Doc. No. 1 at 6.)  He argues that the state trial and appellate court decisions were not in accord with state and federal constitutional law.  According to Petitioner, the drugs were found, not as a result of a consensual encounter, but after an investigatory stop for which the police officer lacked a reasonable suspicion of any criminal activity.  Since the officer did not have a reasonable suspicion of any criminal activity, Petitioner argues that the stop was illegal and the drugs, which were a fruit of the illegal stop, should have been suppressed.  Petitioner unsuccessfully raised this argument in the trial court and on direct appeal.

To the extent that Petitioner's claim is premised on a violation of Florida law, the claim is not cognizable on federal habeas corpus review.  Pursuant to 28 U.S.C. § 2254, a state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  As noted by the United States Supreme Court, a mere error of state law does not constitute a denial of due process.  *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *see also Jamerson v. Secretary for Dept. Of Corrections*, 410 F.3d 682, 688 (11th Cir. 2005) ("Federal habeas relief is unavailable for errors of state law.") (quotation omitted).  Therefore, to the extent this claim relies on state law, it must be denied.

To the extent that the claim raises a challenge under the Fourth Amendment of the United States Constitution, the claim is not subject to federal habeas review.  The Supreme Court in *Stone v. Powell,* 428 U.S. 465 (1976), determined that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure

was introduced at his trial." *Id.* at 494 (footnotes omitted). This rule applies to convictions whether based upon a guilty plea or a jury's verdict. *See Stanley v. Wainwright*, 604 F.2d 379, 381 (5th Cir. 1979).[1]

In order to be entitled to federal habeas review of a Fourth Amendment claim, the petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Stone,* 428 U.S. at 495 n.37; *Mincey v. Head*, 206 F.3d 1106, 1125-26 (11th Cir. 2000), *cert. denied*, 121 S. Ct. 1369 (2001). In applying *Stone*, the Eleventh Circuit has interpreted "full and fair consideration" as follows: "For a claim to be fully and fairly considered by the state court, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990). Federal courts will not consider the merits of Fourth Amendment cases merely because the state courts erred in their Fourth Amendment analysis. *See Swicegood v. State of Ala.*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Petitioner has failed to demonstrate that the hearing conducted by the trial court on his motion to suppress and the appellate court's consideration on appeal denied him an opportunity for a full and fair litigation of his Fourth Amendment claim. The Court determines that Petitioner was afforded a full and fair opportunity to litigate and have adjudicated this claim in the state courts, and he should not be permitted to further relitigate the same issue. *See Harris v. Dugger,* 874 F.2d 756, 761 (11th Cir.), *cert. denied,* 493 U.S. 1011 (1989) (federal habeas petitioner, who had fully and fairly litigated his *Franks* claim in the state courts of Florida, was precluded from federal habeas

---

[1]Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding as precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

review of this claim); *Boggs v. Bair,* 892 F.2d 1193, 1200 (4th Cir. 1989), *cert. denied,* 495 U.S. 940 (1990) (federal habeas petitioner "was afforded every full and fair opportunity to litigate and have adjudicated the Fourth Amendment claim with respect to the search of his vehicle and . . . he should not be permitted to further relitigate the same . . . .").  This claim must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Daryl Mingo is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.   The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of February, 2007.

                                                                        GREGORY A. PRESNELL
                                                                  UNITED STATES DISTRICT JUDGE

Copies to:
sa 2/20
Counsel of Record
Daryl Mingo